**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Erus Builders LLC, | No. CV-14-02686-PHX-JZB |
| Plaintiff, | **ORDER** |
| v. | |
| Volt Solar Systems Incorporated, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Motion to Stay Proceedings Pending the Securities and Exchange Commission's Criminal Investigation. (Doc. 254.) For the reasons below, the Court will deny Plaintiff's Motion.[1]

## I.    Background

This matter has been pending in this Court since December 15, 2014. (Doc. 1.) The initial February 5, 2016 discovery deadline was first extended to April 5, 2016, subsequently extended to October 28, 2016, and finally extended to February 24, 2017. (Docs. 36, 49, 114, 207.) During his initial deposition, Malcom Adler, at that time a named Defendant in this matter, asserted a blanket refusal to answer questions based on his Fifth Amendment rights in light of an SEC subpoena he received related to his business dealings with the Volt entities and other parties. (Docs. 69, 69-6, 69-8.) Consequently, on December 3, 2015, Plaintiff filed a Motion to Compel Mr. Adler's

---

[1] This matter is suitable for resolution based on the briefing alone. Accordingly, the Court denies Plaintiff's request for oral argument. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

deposition.  (*Id.*)  After briefing, the Court granted Plaintiff's Motion and required Mr. Adler to appear for a second properly noticed deposition, during which he may not assert a blanket claim of privilege to all potential questions posed by Plaintiff, but, instead, may refuse on Fifth Amendment grounds to answer any "questions which present a 'real and appreciable danger of self-incrimination.'"  (Doc. 114 at 6.)

After disputes arose over scheduling Mr. Adler's second deposition, and whether Mr. Adler would respond to any questions posed, the parties had two telephone conferences with the Court regarding the deposition.  (Docs. 117, 137.)

Mr. Adler sat for his deposition on July 18 and 19, 2016.  (Docs. 168 at 15, 168-3 at 3.)  During that time, it appears he asserted the Fifth Amendment privilege in response to almost every question posed.  (Docs. 168, 168-2, 168-3.)  On September 19, 2016, Plaintiff filed a second Motion to Compel Defendant Adler's deposition, arguing Mr. Adler's invocation of his Fifth Amendment rights to every question posed was improper.  (Doc. 167.)  However, on December 7, 2016, before the Court held oral argument and ruled on the Motion to Compel, the parties filed a Stipulation for Entry of Judgment with regard to Plaintiff's claims against Mr. Adler based on a settlement reached between the parties.  (Doc. 224.)  The parties contacted the Court and indicated that the oral argument on Plaintiff's Motion to Compel could be cancelled.  The Court issued an Order advising the parties that it would deny Plaintiff's Motion to Compel as moot unless it received an objection within ten days of the date of the Order.  (Doc. 225.)  Neither party filed an objection.   Therefore, on December 19, 2016, the Court denied the Motion to Compel as moot.  (Doc. 232.)  The Court entered judgment against Mr. Adler on February 8, 2017, and he is no longer a party to this case.   (Doc. 248.)  Other than a subpoena issued by Plaintiff to the Volt entities' former counsel for documents protected from disclosure by the attorney-client and/or work product privileges, which the Court quashed by granting Defendant Sharon Altman and Jerome Wenger's Motion for Protective Order, Plaintiff has not notified the Court of any other discovery disputes in this case in accordance with the Court's Scheduling Order.  (Docs. 36, 208, 233.)

On March 30, 2017, the day before the dispositive motion deadline, Plaintiff filed its pending Motion to Stay. (Doc. 254.) Plaintiff requests the Court stay this matter pending the outcome of the SEC proceedings against Mr. Adler.

## II. Legal Standard

"A district court has discretionary power to stay proceedings in its own court." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. North American Co.*, 299 U.S. 248, 254, (1936)). The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings. *Federal Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989). Thus, it is permissible to conduct a civil proceeding at the same time as a related criminal proceeding, even if that necessitates the invocation of the Fifth Amendment privilege. *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976).

In deciding whether to stay civil proceedings pending parallel criminal proceedings, a district court must consider "'the particular circumstances and competing interests involved in the case.'" *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) (quoting *Federal Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989)). Courts should consider the following six factors: (1) "the extent to which the defendant's fifth amendment rights are implicated;" (2) "the interest of the plaintiff[] in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiff[] of a delay;" (3) "the burden which any particular aspect of the proceedings may impose on defendants;" (4) "the convenience of the court in the management of its cases, and the efficient use of judicial resources;" (5) "the interests of persons not parties to the civil litigation;" and (6) "the interest of the public in the pending civil and criminal litigation." *Keating*, 45 F.3d at 325 (citing *Molinaro*, 889 F.2d at 903).

"The strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter." *Sec. & Exch. Comm'n*

*v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375-76 (D.C. Cir. 1980). "The case for staying civil proceedings is 'a far weaker one' when '[n]o indictment has been returned[, and] no Fifth Amendment privilege is threatened.'" *Molinaro*, 889 F.2d at 903 (quoting *Dresser Indus.*, 628 F.2d at 1376). *See also S.E.C. v. Global Express Capital Real Estate Inv. Fund, I, LLC*, 289 F. App'x 183, 191 (9th Cir. 2008) (unpublished) ("The case for staying civil proceedings is weak when no indictment has been returned.").

**III.    Analysis**

In this case, it is Plaintiff, not any of the Defendants, that requests a stay. Plaintiff argues that a stay in this case pending the SEC's investigation is appropriate because (1) "Plaintiff has attempted on numerous occasions to obtain discovery related to the wiring of the funds at issue . . . . However, to date, it appears that Mr. Adler is the only person that has knowledge of the events that occurred with the Volt Entities," but Mr. Adler has asserted the Fifth Amendment privilege against self-incrimination, and, therefore, there is a substantial prejudice to Plaintiff if a stay is not ordered; (2) evidence generally suggests, contrary to their assertions otherwise, Defendants Altman and Wenger had control over, or involvement in, Volt's financial affairs; (3) this case overlaps with the underlying SEC investigation; (4) Defendants would not be burdened by a stay; and (5) a stay is in the Court's and the public's interests because Defendants "have veiled themselves from discovery at every step, including but not limited to administratively dissolving the entities of which they were members and/or executives and failing to provide any documents related to this matter." (Doc. 254.)

Defendants Altman and Wenger do not oppose a stay with regard to Wenger, but assert that a stay of the case with regard to Altman is not appropriate.[2] (Doc. 262.) More specifically, Defendants argue that while there is an issue of fact for trial as to Defendant Wenger's liability, no issues remain as to Defendant Altman and she is entitled to summary judgment as a matter of law.

In Reply, Plaintiff attaches additional discovery obtained, including emails and

---

[2] Defendant Moore did not file a response to Plaintiff's Motion to Stay.

copies of checks, which Plaintiff asserts show that some of the money paid to Volt by Plaintiff was disbursed to Defendants Altman and an entity owned by Defendant Wenger, and contrary to their testimony otherwise, those Defendants had control over, or involvement in, the Volt entities' financial transactions.  (Doc. 263.)

In balancing the relevant factors and considerations, the Court finds a stay is not appropriate in this case and will deny Plaintiff's Motion.  As an initial matter, while there appears to be no dispute that there is some overlap between the topics in the SEC subpoena and some of the issues in this case, and although Mr. Adler's counsel avers that Mr. Adler would invoke his Fifth Amendment rights in response to any deposition question or question at trial, the Court never addressed the extent to which Mr. Adler's Fifth Amendment rights are implicated with regard to Plaintiff's claims against the remaining Defendants because Plaintiff chose to abandon its Motion to Compel and has not otherwise pursued obtaining deposition testimony from Mr. Adler.  Notably, Plaintiff previously took the position that Mr. Adler's invocation to every question posed during his deposition was not legally supported.  (Docs. 69, 167.)  Therefore, it is unclear to what extent Mr. Adler's Fifth Amendment rights are implicated in this case.  *United States v. Pierce*, 561 F.2d 735, 741 (9th Cir. 1977) ("Only after an invocation of the privilege with respect to a specific question can a reviewing court determine whether a responsive answer might lead to injurious disclosures.").

However, even assuming that Mr. Adler's Fifth Amendment rights are implicated in this case to some extent, Defendants' and the Court's interests weigh heavily against granting a stay.  As Plaintiff concedes, Mr. Adler has not been indicted as a result of the ongoing SEC investigation.  And, there is no indication if or when Mr. Adler will be indicted.   It is possible the SEC investigation could continue for years, and, if criminal charges are filed, Mr. Adler's Fifth Amendment rights would be implicated for an even longer period of time.  The present action has been pending for approximately two and half years, discovery has long since closed, and the dispositive motion deadline has passed.  Therefore, Plaintiff is effectively requesting the Court to, potentially years in the

future, reopen discovery and again modify the deadlines in this matter. Such a stay would disrupt the Court's calendar by indefinitely postponing trial. *ESG Capital Partners LP v. Stratos*, 22 F. Supp. 3d 1042, 1046 (C.D. Cal. 2014) ("Courts have recognized that . . . 'the court has an interest in clearing its docket.' *Molinaro*, 889 F.2d at 903. Staying a civil case until the resolution of a criminal case is inconvenient for the court, especially where—like in Stratos's situation—there is no date set for the criminal trial. This factor consequently weighs against Stratos.").

Likewise, witnesses' memories can fade over the course of the delay, and witnesses might not be available following the termination of the criminal proceedings. *Southwest Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F. Supp. 805, 809 (N.D. Cal. 1989). Thus, because Plaintiff requests an indefinite stay of this case that would cause Defendants prejudice, and hinder the Court's ability to manage its docket, these factors weigh heavily against granting Plaintiff's request for a stay.

The Court finds that Plaintiff may suffer some prejudice without a stay of this case. However, Plaintiff fails to establish that any potential prejudice it faces from being unable to depose Mr. Adler or call him as a witness at trial outweighs the burdens to Defendants and this Court of granting an indefinite stay, particularly because Plaintiff chose to abandon its Motion to Compel against Mr. Adler. While Plaintiff asserts that Mr. Adler is the only person who can provide information regarding the transfer of Plaintiff's funds to the remaining Defendants, Plaintiff fails to address its lack of diligence in pursuing its Motion to Compel against him to obtain the discovery it believes it needs to litigate its claims.

Further, Plaintiff attaches and cites to evidence obtained from other sources regarding the transfer of at least some funds from Volt to Defendant Altman and Aztec Solar Power Renewable Inc. There is no evidence in the record that any of the remaining individual Defendants have refused to provide discovery based on their Fifth Amendment rights. Presumably, those Defendants would have knowledge and information regarding

their own conduct.[3]  Plaintiff also cites to Affidavits by other former employee witnesses of Volt or allegedly related entities who appear to have knowledge potentially relevant to Plaintiff's claims.  (Doc. 256-9.)  It is unclear what specific attempts were made by Plaintiff to locate witnesses and obtain relevant information from the Defendants and non-party witnesses other than Mr. Adler.  Although the Court recognizes that Mr. Adler very likely has knowledge relevant to this case, Plaintiff fails to demonstrate that it could only have obtained discovery regarding the transfer of its funds to the other Defendants through testimony by Mr. Adler.

Likewise, although Plaintiff references in its Motion to Stay an inability to obtain discovery through subpoenas to the financial institutions used by the Volt entities and to "agents of service for the Volt Entities," Plaintiff never raised those issues with the Court prior to the deadline for doing so.[4]  Plaintiff fails to explain its lack of diligence in obtaining discovery from parties and third parties in this matter.[5]

Further, it is unclear whether Mr. Adler would provide testimony to support Plaintiff's specific claims against the other Defendants once the SEC investigation and any resulting criminal proceedings conclude.  Plaintiff has provided the Court with some evidence that Defendants Wenger and Altman were involved with and received money from the Volt entities.  However, the only evidence it cites to indicate how Mr. Adler

---

[3] Plaintiff submitted with its briefing checks paid to Altman from Volt, other checks signed by Altman, and brief excerpts from Altman's deposition. (Docs. 256-5, 256-6, 264-1, 264-2.)  However, Plaintiff does not address whether it questioned Altman regarding the checks during her deposition and, if so, the substance of her responses.  Nor does Plaintiff assert it was prohibited from doing so.

[4] To the extent Plaintiff is referring to its subpoena for documents to Defendants Altman and Wenger's former counsel, for the reasons provided by the Court on the record, Plaintiff requested documents covered by the attorney-client and/or work-product privileges that are protected from discovery, regardless of Mr. Adler's Fifth Amendment rights.  (Docs. 208, 233, 234.)

[5] Plaintiff asserts, without explanation, in its counsel's Declaration attached to its Reply that "[w]e have requested additional documents from Wells Fargo, however at this time we cannot ascertain how many bank accounts the entities and their 'affiliates' had." (Doc. 264 at 2.)  However, discovery has long since closed and, as stated above, Plaintiff failed to raise any discovery disputes with regard to subpoenas or other discovery requested with the Court prior to the deadline for doing so.

may testify during a deposition or at trial is Mr. Adler's statements in a January 14, 2014 Form 10-k regarding Defendant Altman's ownership of First Power and Light, Inc. and her general control over that corporation's decisions and transactions. Mr. Adler's statements do not, however, address the specific transactions at issue in this case. Therefore, the Court finds Plaintiff's interests weigh only slightly in favor of granting a stay.

With regard to interests of other non-parties, the Court finds this factor is neutral. None of the parties have identified any third-party interests that bear upon resolution of Plaintiff's Motion.

Finally, Plaintiff asserts that a stay of this matter is in the public's interest because Defendants have "used the corporate veil to shield their personal activities, while stating on repeated occasions that there are no documents or communications in their custody with regard to a **_$625,000 wire_**." (Doc. 254 at 15) (emphasis in original). However, as stated above, Plaintiff does not detail what specific discovery it sought directly from the Defendants (other than deposition testimony from Mr. Adler) or other witnesses that was improperly withheld. Nor did Plaintiff diligently and timely raise any such issues with the Court. Further, the public has an interest in the expeditious litigation of this matter. Therefore, at best, the Court also finds this factor to be neutral.

Plaintiff requests this Court stay this matter, for an indefinite amount of time, on the hope that Mr. Adler, at some point in the future after the SEC investigation and any resulting criminal proceedings conclude, will provide testimony in support of Plaintiff's claims against the remaining Defendants. After analysis of the relevant factors and interests at issue in this case, the Court finds that a stay of this case pending the SEC's

///

///

///

///

///

investigation is not appropriate and the Court will deny Plaintiff's Motion.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Stay Proceedings (Doc. 254) is denied.

Dated this 27th day of April, 2017.

Honorable John Z. Boyle
United States Magistrate Judge